IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Case No. 1:11cr254 |
| DONALD JOHNSON, | ) | |
| Defendant. | ) | Hon. Anthony J. Trenga |

**DEFENDANT'S SUPPLEMENTAL BRIEFING IN SUPPORT OF HIS OPPOSITION TO THE UNITED STATES OF AMERICA'S RENEWED MOTION FOR AN ORDER OF FOREITURE AS TO CERTAIN SUBSTITUTE ASSESTS**

COMES NOW, the defendant, DONALD JOHNSON, by and through counsel, and hereby respectfully request that this Honorable Court consider the following supplemental information as it considers the Government's Motion for an Order of Forfeiture as to his IRA account with USAA Federal Savings Bank, account number ending in 7804.

On March 5, 2014 this Court issued an Order directing the parties to address specific issues in regard to the Government's motion. The first issue was for the parties to address the applicability of the Fourth Circuit's opinion in United States v. Smith, 47 F. 3d 681 (4th Cir. 1995), to the above captioned matter. The undersigned counsel has reviewed the decision and believes that the Smith opinion is directly on point and applicable to the issues pending before this Court.

In Smith, the Court addressed whether the judiciary could lawfully order a previously convicted defendant to forfeit funds from her pension benefits derived from ERISA plans in order to satisfy monthly restitution payments. The Court made clear that it "has long recognized a "strong public policy against the alienability of an ERISA plan participant's benefits." Smith v.

Mirman, 749 F.2d 181, 183 (4th Cir.1984)." *Id*.  Moreover, the Court in citing Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376 (1990), expressed it's unwillingness to carve out any exception to the policy even when the employee has been convicted of criminal conduct. *Id*.

In Smith, the Government argued that once the pension funds have been distributed, the anti-alienability statute no longer applies.  In response the Court maintained that when the funds are paid pursuant to the terms of the plan as income during retirement years, ERISA prohibits alienation.  The Court noted that, "ERISA protections would only be lost if the funds were disbursed from an ERISA plan before an employee has retired and such funds paid as an annuity for retirement purposes." *Id*.

Furthermore, the ruling in Smith appears to maintain that if ERISA pension benefits are disbursed pursuant to the plan, then the anti-alienation protections for such funds will always remain intact.

Mr. Johnson has not received any disbursement outside of what has been called for by the retirement plans.  He has not prematurely withdrawn any of the funds from the ERISA protected accounts.

This Court also inquired about the extent to which Mr. Johnson's ERISA funds were rolled over into his IRA retained their IRA protections.  Unfortunately, after extensive research, the undersigned counsel has only been able to locate website articles that discuss this issue.  The reputable website Forbes.com discussed this issue and maintained that funds from an ERISA account maintained their protections when rolled over into a private IRA.  This information can be found at http://www.forbes.com/sites/advisor/2012/02/27/8-points-to-consider-before-rolling-

over-a-401k-to-an-ira/. The Government, has yet to respond to this contention with any authority that states otherwise.

This Court requested that the parties respond to the legal effect, if any, of Mr. Johnson's comingling of ERISA and non-ERISA funds in his IRA with respect to the funds maintaining their protections. Mr. Johnson submits that it is clear to distinguish which funds in the IRA account derive from ERISA plans and which funds don't. Mr. Johnson deposited $500 into the IRA monthly for a 12 month period. He does not contend that those funds possess any of the protections that are afforded to the funds derived from ERISA plans.

Finally the Court inquired about Mr. Johnson's reasons for rolling funds from the ERISA-qualified accounts into the IRA. When Mr. Johnson retired from Nasdaq in September 2009 he was informed that he would be required to rollover his 401(k) into a Vanguard IRA or another of his choosing. Mr. Johnson decided at that time to rollover the 401(k) into the USAA IRA at issue. In addition, he was informed that his pension could either be paid in as an annuity or he could receive a lump sum payment. Mr. Johnson chose the lump sum payment and deposited the full amount into the USAA IRA account.

Mr. Johnson's actions are consistent with those that the justices in Smith opined would result in the ERISA protections remaining intact.

    Respectfully submitted,

    Donald Johnson
    By Counsel


    By:_____/s/_____
    Jonathan A. Simms
    Attorney for Donald Johnson
    Simms & Harris, PLLC
    11350 Random Hills Road

Fairfax, Virginia 22030
(703) 934-6015
(703) 998-0850 (Fax)
Jsimms_esq@yahoo.com

CERTIFICATE OF SERVICE

      I hereby certify that on March 16, 2014, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Karen Taylor, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700


      By:_____/s/_____
      Jonathan A. Simms
      Attorney for Donald Johnson
      Simms & Harris, PLLC
      11350 Random Hills Road
      Fairfax, Virginia 22030
      (703) 934-6015
      (703) 995-0850 (Fax)
      Jsimms_esq@yahoo.com